Glenda F. Johnson
P.O. Box 1124
Montclair, NJ 07111
(908) 655-8938
PRO SE




| GLENDA F. JOHNSON, Plaintiff<br><br>vs<br><br>SALLY BEAUTY SUPPLY (fictitious names) JOHN DOE, JANE ROE, XYZ CORPORATION(S) Defendants | UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY<br><br>DOCKET NO:<br><br>Civil Action<br><br>COMPLAINT AND JURY DEMAND |
|---|---|

Plaintiff, Glenda F. Johnson, residing at P.O. Box 1124, Township of Montclair, County of Essex and State of New Jersey, by way of Complaint and Jury Demand(s) against the Defendants says:

**JURISTICTION**

Original Jurisdiction is acquired of the court pursuant to title VII of the 1964 Civil Rights Act, Prohibiting Discrimination on the basis of Race and Color (Title 42 USC et al). Defendant is headquartered in the State of Texas, and the Plaintiff is a lawful resident of the State of New Jersey, whereas meeting the Constitutional Requirement of Diversity of Citizenship. In addition, the Equal Employment Opportunity Commission has issued on or about March 10, 2016, a Right to Sue Letter(attached as Exhibit A), which falls under the jurisdiction of this court, pursuant to VII.

## FIRST COUNT

1. On or about October 27, 2014 Plaintiff, applied for and was hired in the position of Assistant Manager for Sally's Beauty Supply located at 131 Bloomfield Ave, Bloomfield, New Jersey, and headquartered in Denton, Texas.
2. Plaintiff, reported to District Manager Cheryl Johnson and the local Manager Christine Wojcik. Both individual are white females and hired by the Defendant(s).
3. Defendant promised to provide training to Plaintiff, as the Assistant Manager and was promised by the Defendant(s) that a Assistant Manuel's booklet would be provided to Plaintiff.
4. Both Defendant ('s) Managers stated that the Assistant Manager(s) manual on or about November2014 was being reconstructed.
5. No training or trainers manual was ever provided. Plaintiff believes that Defendant(s) failed to provide the manual or training because of her Race and Color in violation of Title VII.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant(s) for injuries, damages and cost of this law suit.

## SECOND COUNT

1. The Plaintiff, Glenda F. Johnson repeats the allegation(s) contained in the First Count and makes as part hereof as though more fully set forth at length herein.
2. Plaintiff, after repeated requests to the Defendant(s) management as to when Plaintiff, was going to receive adequate support and proper register training as other who were not Black.
3. On or about February 16, 2015 Plaintiff was advised that she would no longer be training for the Assistant Managers Position. Plaintiff firmly believes that she was not provide adequate training and did not receive the training because of her Race and Color in violation of Title VII.
4. In accordance to Defendant(s) practices, others who are non Black are trained thoroughly on the register before giving an Assistant Managers Position. Plaintiff did not receive training because of her Race and Color.

**WHEREFORE**, the Plaintiff(s), Glenda F. Johnson demands judgment against the Defendant(s) for injuries, damages and cost of the law suit

## THIRD COUNT

1) The Plaintiff, Glenda Johnson, repeats the allegation(s) contained in the First and Second Count and makes same as part hereof as though more fully set forth at length herein.
2) The Defendant(s) demoted Plaintiff from her Position on or about February 16, 2015. Plaintiff, pay was reduced on or about March 24, 2015 as a pretext for Defendants failure to adequately train. Others who are not of Plaintiffs Race and Color were fully trained and did not receive a reduction in pay or position.
3) All other Associates that are White, and who were not Plaintiff's Race or Color were provided keys to the door(s) and safe.
4) On or about March 25, 2015, Defendants Loss Prevention appeared at Plaintiff's worksite reviewing video tapes to determine if theft was occurring at Plaintiffs location. Defendant's employee(s) Liz Agosta, was seen on tape taking my cash strips which she had attempted the day before to convince Plaintiff they were missing. Both Defendants employees called Plaintiff on her day off alleging that her cash strips were missing. Upon Loss Prevention's Investigation and conclusion, Liz Agosta was terminated. The mere allegation of my integrity and work professionalism was based on my Race and Color.

**WHEREFORE,** the Plaintiff demands judgment against the Defendant(s) for injuries, damages and cost of this suit.

## FOURTH COUNT

1) The Plaintiff, Glenda F. Johnson repeats the allegation(s) contained in the First, Second, Third Count and makes same as part hereof as though more fully set forth as length herein.

2) Plaintiff, during the course of her employment, noticed a breach of security wherein the barcode security device had been unplugged and disconnected. Further, Associates' Family Members were permitted access to the back of the store (were merchandise was located) while the Store was closed. Plaintiff notified upper Management. Defendants Manager, Cheryl Johnson did change the rules but retaliated against me because of my Race and Color.
3) Plaintiff took her job serious as an Assistant Manager and was duty bound to notify upper Management of security breaches. Defendants Manager Cheryl Johnson, when advised of the security breaches responded back by saying, Plaintiff need to stop complaining. Plaintiff believes that a White employee notified upper Management of Security breaches, they would have been promoted and encouraged to continue to report any security breach. Whereas Plaintiff was demoted and terminated because of her Race and Color. In violation of Title VII of the 1964 Civil Rights Act prohibiting discrimination due to Race and Color.

**WHEREFORE,** the Plaintiff demands judgment against the Defendant(s) for injuries, damages and cost of this law suit.

**FIFTH COUNT**

1) The Plaintiff repeats the allegation(s) contained in the First, Second, Third, and Fourth Count, and makes same as part hereof as though more fully set forth at length herein.
2) The Plaintiff(s) Glenda F. Johnson alleges JOHN DOE, (fictitious names) JANE ROE (fictitious names) and XYZ Corporation(s ) are fictitious names intended to identify any and all parties, including individuals, corporations and or other entities whose identities are presently unknown to the Plaintiff, who together with the defendant(s) were responsible for the aiding and abiding or rendering assistance to defendant(s) in causing Plaintiff(s) injuries and damages.

**WHEREFORE,** the Plaintiff demands judgment against the Defendants(s) for injuries, damages and cost of this suit.

Glenda F. Johnson
Pro Se, Plaintiff

**CERTIFICATION OF NO OTHER ACTION**

I certify that this dispute is not the subject of any other action pending in any other court or a pending arbitration proceeding to the best of my knowledge and belief. Also, to the best of my knowledge and belief no other action or arbitration proceeding is contemplated. Further, other than the parties set forth in this complaint, I know of no other parties that should be made a part of this lawsuit. In addition, I recognize my continuing obligation to file and serve on all parties and the court an amended certification if there is a change in the facts stated in this original certification, I declare under penalty of perjury that the foregoing is true and correct.

Dated:

Glenda F. Johnson
gfjhson@aol.com

Glenda F. Johnson
PO Box 1124
Montclair, New Jersey
908-655-8938
PRO SE

UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

**STATEMENT OF DAMAGES CLAIMED**

GLENDA F. JOHNSON
PLANTIFF

DOCKET NO.

vs

SALLY BEAUTY SUPPLY
(fictitious names) JOHN DOE, JANE ROE,
XYZ CORPORATION(S)
DEFENDANTS

TAKE NOTICE, pursuant to R. 4-5-2, the amount of damages claimed by Plaintiff, Glenda F. Johnson against Defendant(s) SALLY BEAUTY SUPPLY, (fictitious names) JOHN DOE, JANE ROE, XYZ CORPORATION(S) are :

ON FIRST COUNT
$50,000.00 damages plus costs of suit and interest

ON SECOND COUNT
$50,000.00 damages plus costs of suit and interest

ON THIRD COUNT
$100, 000,00 damages plus costs of suit and interest

ON FOURTH COUNT
$100,000,00 damages plus costs of suit and interest

ON FIFTH COUNT
$100,000,00 damages plus costs of suit and interest

By [signature]
GLENDA F. JOHNSON, PRO SE.